HOLRICK J. MILLER *vs.* SIGNI L. MILLER.

DECEMBER 6, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Capotosto, J. This is an action in assumpsit. The case is before us on the plaintiff's exception to a direction of a verdict for the defendant and on certain rulings during the trial.

The defendant is the plaintiff's mother. The declaration is in two counts, a count in special assumpsit and the common counts. The count in special assumpsit alleges that the defendant orally agreed with the plaintiff to "give or advance" him $14,000, or more if necessary, to be used in altering his tenement house into an apartment house; that when the house was completed and ready for occupancy, the defendant was to take over and convert the three outstanding mortgages on that property, amounting to $12,000, into a first mortgage payable to herself, adding thereto as part of the principal of that first mortgage whatever sum in excess of $14,000 she might advance for the alteration of the house; that the first mortgage thus created was to be "uncallable within ten years except for non-payment of interest thereon at the rate of five per cent per annum, payable semi-annually, not in advance, with no reduction of principal"; that the sum of $14,000 was to constitute the portion of the said total expenditures that the said defendant promised to give or advance outright and absolutely to the said plaintiff as an advancement to equalize the share of her beneficiaries in her estate, that, relying upon the defendant's promise, the plaintiff commenced and completed the alterations, but that the defendant failed to carry out her agreement.

The plaintiff was the only witness to testify, as the defendant closed her case and moved for a direction of verdict

at the conclusion of the plaintiff's testimony. There is no evidence in support of the common counts.

It is difficult to determine from the testimony in the case what the plaintiff really claims with any degree of certainty. Generally speaking, his testimony is discursive, vague and inconsistent. At one time it looks as if he were claiming that his mother refused to loan him the sum of $14,000 after she had promised to do so and he had proceeded with the alterations relying on that promise, and at another time his testimony seems to infer that she had failed in her promise to give him that sum as a gift. The count of the declaration in special assumpsit and the plaintiff in his testimony carelessly use the word "advancement" to mean "gift." The case was actually tried on the theory that a gift was intended by the mother.

Giving the testimony of the plaintiff the most liberal interpretation in his favor and assuming that such testimony was intended to support the count in special assumpsit of the declaration, it tends to show that, in September 1928, an arrangement of some sort was made by the plaintiff with his mother, whereby she was to provide him with the money necessary to convert his tenement house into an apartment house; and that, when the work was completed, she was to take over the three existing mortgages on that property, amounting to $12,000, and, adding thereto whatever sum was expended for the alterations in excess of $14,000, consolidate those mortgages and the excess just mentioned into a first mortgage in her own name, subject to certain conditions of duration, interest and payment of principal.

The work required in altering the house was done at the direction and under the supervision of the plaintiff. He soon found himself in a mass of increasing litigation, extending from 1929 into 1933, by which latter date his mother "had paid in around $15,000.00 all told", and with "about $4000.00 still due."

Construing the plaintiff's testimony most liberally in his favor, the claim that his mother gave him $14,000 of this money as a gift rests almost exclusively upon the following statement allegedly made by the mother to him in a discussion of the contemplated alterations, which statement, though substantially repeated at other times in his testimony in more diluted language, is the clearest statement in the entire record most fairly open to the inference of an alleged gift. "Now, see here, Holrick, I have been thinking things over and I think the apartment is a good thing. But I don't want to give you all that money. But I will give you $14,000 of it." She said: "Eddie (plaintiff's brother) is going to get the three family house, and your house is worth $14,000, so I will give you $14,000.00 on this house, but I won't go over $14,000.00."

This statement, which appears in a long answer covering almost two pages of the transcript, was immediately followed by the questions and answers that we now quote: Q. "You say your mother entered into this agreement with you that in consideration she would give the other house on Gilmore Street to your brother?" A. "Eddie was to get the other house." Q. "That was worth $14,000.00?" A. "Yes." Q. "She would allow you $14,000.00 on the house?" A. "Not in my hands. She would give me $14,000.00 in the house."

It requires quite a stretch of the imagination to infer from testimony of this character that the plaintiff's mother intended to make him a gift of the $14,000. Her alleged statement is far more consistent with the conduct of a mother who, being confronted with a request for the loan of a substantial sum of money by one of her sons, was exercising some caution before granting that request, so that, at some later time, she might be in a position to deal with her two sons on an equal basis in the disposition of her estate.

Even if we assume that the inference which the plaintiff asks us to draw from the above-quoted testimony is a reasonable one, the manner in which he dealt with his mother, respecting the money furnished by her for the proposed alterations, completely denies that inference and leaves him without any legal evidence in support of his claim of a gift. The plaintiff testified that his mother insisted on his giving her a promissory note for the money that she furnished from time to time. His testimony on this point is as follows: "Mother said, 'The best way is to give me a note every time I put something in the property. I can keep track of it in that way.' I used to give her notes to indicate what she had put into the proposition, and . . . she still holds . . . $16,000.00 worth of my notes."

The alterations were completed in October 1929. By that time there were at least twenty attachments on the property in connection with the litigation that we have already mentioned. In this situation, the mother demanded and received from her son a fourth mortgage on the property for $10,000, with interest at the rate of eight per cent a year. This transaction clearly denied a gift. If there was any previous oral agreement between the parties, it was merged in this mortgage.

There is no doubt that much more than the amount represented by this mortgage was actually paid over to the son by the mother in varying sums and at different times. The son now seeks to avoid the force of this mortgage by claiming that it was requested by his mother merely "to hold off creditors", but we find that upon his failure to pay the interest thereon for three years according to its terms, she saw to it that he gave her a promissory note for $2400 for that interest. Some time later, she foreclosed her mortgage and bid the property in at the foreclosure sale. The son then brought this case.

We have consistently held that it is error to direct a verdict for a party if on any reasonable view of the testimony and the favorable inferences therefrom the opposite party can prevail. *Young* v. *Young,* 56 R. I. 401, and cases cited. It is not error to direct a verdict for one party or the other where there is but one inference to be drawn from the facts. *Chisholm* v. *S. S. Kresge Co.,* 55 R. I. 422, 427.

Applying these well established rules to the testimony before us, we can find no legal evidence, either direct or by reasonable inference, to support the plaintiff's claim of a gift. In the circumstances, the action of the trial justice in directing a verdict for the defendant was without error. The other exceptions of the plaintiff have been considered and found to be without merit.

All of the plaintiff's exceptions are overruled and the case is remitted to the superior court with direction to enter judgment on the verdict as directed.

*Thomas H. Gardiner,* for plaintiff.
*Joseph H. Coen,* for defendant.